Dewey, J.
Elliott brought an action of assumpsit against Murphy for money had and received. Plea, the general issue. The cause was submitted to the court upon an agreed case. The facts were substantially the following: One Owen purchased of the plaintiff certain, tracts of land, at the price of $2,500,11,411.12 of which were paidbyOzoen; for the balance, being $1,088.88, he mortgaged to the plaintiff a part of the purchased premises. A part of the payment made by Owen to the plaintiff consisted of an equitable assignment of a demand in favour of the former against one Stephenson; for this demand a suit was commenced in Owen’s name against *518 Stephenson, in the Henry Circuit Court, j udgment was recovered for $211.12, tbe money collected and paid to the defendant, who was clerk of the Court,- he having notice of the equitable assignment of the debt to the plaintiff, and of his claim to the money. Before the judgment was satisfied, Owen made an equitable assignment of it to two other persons jointly,who also had notice of the plaintiff’s claim to the debt. After the money came to the defendant’s hands, the plaintiff demanded it of him; he refused to pay it on account of the conflicting claims to it. Prior to the assignment of the judgment by Owen to the two persons, and before the money was collected upon it, ajudgment-creditor of Owen issued an execution against him upon which the premises mortgaged to the plaintff were aboutto be sold by the sheriff. The plaintiff claimed alien on the land to the amount of $1,300, founded partly on the mortgage, and partly on the amount due him for that portion of the price of the land not secured by the mortgage, it being the amount of *the judgment against Stephenson. Appraisers were appointed, who valued the mortgaged premises, subject to the whole lien claimed by the plaintiff', at $1,288. The property was sold by the sheriff on the execution against Owen, subject to that lien, to the plaiutiff for one dollar, that being his bid. Subsequently to this last transaction, this action was commenced to recover the money in the defendant’s hands received on the Stephenson judgment. The Circuit Court rendered a judgment in favor of the plaintiff'for the amount of that money and interest.
The question growing out of the foregoing facts is, what is the effect of-the plaintiff’s purchase of the land at sheriff’s sale upon the debt due him from Owen ? Does it leave it still due, or does it extinguish the debt?
¥e will, in the first place, consider the question in reference to the mortgage debt. The plaintiff purchased at that sale the equity of redemption, which was all the-right or interest that Owen had in the premises, the legal time being in the plaintiff as mortgagee. Had a stranger made .the same *519 purchase, the only right he would have acquired would have been that of redeeming the land by the payment of the mortgage debt to the plaintiff'. He could not have procured the legal estate vested in him, as mortgagee, on any other terms. Can the mortgagee, by purchasing the equity of redemption at sheriff’s sale, stand in a better situation than a stranger would? What is there in principíete distinguish the two cases? The mortgagee is, indeed, saved the trouble of taking any further steps to perfect in himself an indefeasible title to the mortgaged premises. Such a title he acquires by purchasing the equity of redemption ; but he must take it upon the same terms,on which a stranger would acquire it,— by paying the price of the equity of redemption, and by extinguishing the mortgage debt due to himself, or at least by extinguishing it to the extent of the value of the land after deducting the sum paid for the equity of redemption. If this be not the law, a mortgagee may acquire an absolute title to land mortgaged for its full value by simply paying what the equity of redemption will bring under the hammer,—a mere nominal sum, and that even, no one but himself would pay. Indeed, if this be not the law, this plaintiff has acquired title *to land worth $1.288 for one dollar; for his title to the land is perfect, and he may still collect the debt due him from Owen,—that very debt for which he claimed a lien upon the land, and which enabled him to purchase it at a nominal price. We can not accede to such a principle. And we have come to the conclusion, that a mortgagee, by purchasing at a sheriff’s sale on execution the equity of redemption, thereby extinguishes, to. the extent of the value of the mortgaged premises, after deducting the sum paid for the equity of redemption, the mortgage debt.
It remains to be inquired whether that part of the debt,. once due from Owen to the plaintiff, which was not secured by the mortgage, is still due; for on this question depends the right of the plaintiff to the money in the defendant’s hands. This inquiry is virtually answered by what has already been said. We do not stop to inquire whether, under *520 the circumstances of the case, the plaintiff really had a right to set up any other lien against the mortgagedpremises than what arose from the mortgage. He did make such a claim to the amount of the money now sued for. The land which he purchased was sold subject to that claim as well as to the mortgage, making the aggregate charge upon the land$l,-800; the land was worth $1,288, leaving $12.00 due the plaintiff, to which add the dollar paid for the land, and then $13.00 are still due him from Owen. This sum, together with' interest from the time the demand was made on the defendant, the plaintiff is entitled to recover in this action and no more; for the balance of his debt against Owen, he has had satisfaction in a manner of his own choosing,—by taking the land subject to a lien which he claimed for the unsecured part of the purchase-money, as he took it subject to the mortgage. In this view of the subject there is no hardship to the plaintiff; and in any other, great injustice would be done to Owen. The plaintiff voluntarily made the charge upon the land overreach its value, and thereby prevented competition at the sheriff’s sale. Had he left the land subject to the mortgage only, the equity of redemption would have been worth about $200; and there might have been bidders for it at something like its value, which would have inured to Owen's benefit. But this chance the *plaintiff saw fit to destroy, and it is no more than right that he should abide the consequences. The plaintiff, by claiming a lien upon the land for the unsecured part of the purchase-money, and by purchasing it subject to that lien, relinquished his claim upon the judgment against Stephenson, to the extent of the satisfaction received by him in the land, that is, to the whole except $13.00 and interest. The balance of it Owen was at liberty to dispose of to whom he pleased.
J. S. Newman, for the plaintiff.
J. T. Elliott, for the defendant.
Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.