*E. W. M'Gaughey*, for the defendant.

---

JOHNSTON and Another *v.* WATSON.

A note for the payment of money, and a mortgage on real estate to secure its payment, were assigned, and the assignee obtained judgment at law on the note against the maker. The mortgaged premises were afterwards sold on execution on the judgment to the judgment-creditor. *Held*, that the pur-chase was a discharge of the judgment to the value of the mortgaged pre-mises.

ERROR to the *Vigo* Circuit Court.

SULLIVAN, J.—Bill to foreclose a mortgage. The bill states that *Johnston* purchased from one *Welch* a lot in the town of

*Terre Haute,* and, in part payment of the price, assigned to him a note on one *A. C. Conn* for the sum of 720 dollars and 43 cents, secured by a mortgage executed by *Conn* to *Johnston* on a lot in the town of *Eugene.* *Johnston*, further to secure *Welch*, executed to him a mortgage on the lot purchased from him. The mortgage contained a provision, that if *Welch* should be unable to collect *Conn's* note, after having prosecuted a suit for the same with due diligence both at law and in equity, then the said mortgage should be in full force and virtue against *Johnston* for so much of said note as should remain unpaid. *Welch*, subsequently, for a valuable consideration, assigned the *Conn* note to *Watson*, and delivered to him the mortgages of *Conn* and *Johnston* respectively. *Watson* sued *Conn* on the note at law, and obtained a judgment against him, and sold on execution, amongst other property, the lot in the town of *Eugene* which was mortgaged to secure the debt, and at such sale became himself the purchaser. The amount made from the sale of all *Conn's* property, real and personal, was between four and five hundred dollars, and it is to recover the balance claimed to be due to *Watson* that this bill is filed for a foreclosure and sale of the lot in *Terre Haute* mortgaged by *Johnston* to *Welch*, and by the latter assigned to *Watson*. The bill charges that *Burton* is a purchaser of the *Terre Haute* lot from *Johnston* with full knowledge of the foregoing facts. A decree was taken against *Burton* by default. *Johnston* answered the bill, admitting the material facts stated in it, but denying the complainant's equity. Depositions were taken to prove the value of the *Eugene* lot, but the testimony is loose and unsatisfactory. At the final hearing the Court decreed in favour of the complainant.

The simple question in the case is, whether the purchase of the *Eugene* lot by *Watson*, on his judgment against *Conn*, is a discharge of that judgment to the value of the lot. *Watson* was the assignee of *Welch* who was the assignee of *Johnston* the original mortgagee, and if the purchase of the lot by *Johnston* on a judgment obtained by him against *Conn* on the same note would have had that effect, it must have the same effect on a purchase under a judgment obtained by his assignee. As this Court has heretofore examined and de-

May Term, 1844.

cided the question, it is not necessary to discuss it again. In the case of *Murphy* v. *Elliott*, 6 Blackf. 482, it was decided that a mortgagee who purchases the equity of redemption at sheriff's sale on execution, thereby extinguishes the mortgage-debt to the extent of the value of the mortgaged premises beyond the amount bid for it. The principle there decided is strictly applicable to the case under consideration.

This bill is filed to recover from *Johnston* the amount which the complainant as assignee failed, as he alleges, to make out of *Conn*. The case of *Murphy* v. *Elliott*, *supra*, shows that he is only entitled to recover the balance due after deducting the amount made by the sale of the personal property of *Conn*, and the value of the lot at the time of the sale. As we cannot correctly ascertain its value, the cause must be returned to the Circuit Court for further proceedings.

*Per Curiam.* — The decree is reversed with costs. Cause remanded, &c.

*C. W. Barbour*, for the plaintiffs.

*A. Kinney* and *S. B. Gookins*, for the defendant.