CAMPBELL (LEITENSDORFER v.). See Case No. 8,225.

CAMPBELL (McKAY v.). See Cases Nos. 8,839 and 8,840.

---

## Case No. 2,364.

### CAMPBELL v. McMANUS.

[5 McLean, 106.][1]

Circuit Court, D. Indiana. May Term, 1850.

EXECUTION—LEVY ON EQUITY OF REDEMPTION.

1. The equity of redemption before the act of 1843 [Rev. St. Ind. 462] might be sold on execution; but that act prohibited such sale by the mortgagee, and required the sheriff to return the execution, that there was no other property on which to levy.

2. Such a return being made in this case, the court set aside the return on motion, as the act of 1843 had never been adopted. The court adopted the act to govern the practice in future.

[At law. Action by A. J. Campbell against J. McManus. The defendant moves to set aside a marshal's return of levy on execution.]

Mr. Newcomb, for plaintiff.

OPINION OF THE COURT. An execution was issued for $1,511.15 and costs, on a judgment obtained by the plaintiff against the defendant. The marshal returned that he had levied on certain lands particularly described, which were mortgaged by the defendant to the plaintiff, prior to the date of the note on which the judgment is founded; and also for the payment of other notes. That the defendant has no other property in the district, on which a levy can be made, and, therefore, he returned the writ according to the state statute of 1843, without offering the premises for sale.

A motion is now made to set aside the return, accept the levy and direct the marshal to go on and sell. In Watkins v. Gregory, 6 Blackf. 113, Murphy v. Elliott, Id. 482, and in Johnson v. Watson, 7 Blackf. 174, it was held that an equity of a mortgagor may be sold on execution. But the statute of 1843 (Rev. St. p. 462, § 48) provides that the equity of redemption shall not be sold by virtue of any execution on a judgment at law, recovered by the mortgagee. And in the 50th section it is provided, that if such execution shall not be collected of the other property of the defendant, the sheriff shall return the same unsatisfied, in whole or in part, as the case may require. The act of 1843 has not been adopted by this court, and as the law stood when the act of 1828 [4 Stat. 278] was passed, adopting the process acts of the respective states, the law authorized the sale of an equity of redemption on execution at law. The court set aside the return, and adopted, by a rule, the law of 1843.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]