## LINVILLE ET AL. *v.* BELL ET AL.

MORTGAGE.—*Equity of Redemption Cannot be Sold on Execution Without Fore-closure.*—Section 640, 2 G. & H. 297, prohibits the sale of the equity of redemption on an execution issued on a judgment rendered for the mortgage debt without a foreclosure. Such execution is no authority to sell the mortgaged property.

SAME.—Such prohibition does not depend on the indorsement on the execution of a description of the mortgaged premises as directed by said section.

SAME.—*Purpose of Indorsement on Execution.*—The indorsement on the execution, directed by the statute, is to give information to the sheriff and to parties who may desire to become purchasers of the lands, and not for the information of parties to the judgment.

SAME.—*Purchaser on Execution.*—If the purchaser of real estate at a sheriff's sale, on an execution issued on a judgment rendered for a debt secured by a mortgage on the real estate, knows that the lands sold were mortgaged to secure the debt for which the judgment was rendered, he cannot claim, in answer to a complaint to set aside such sale and to foreclose the mortgage, that he suffered harm from a failure to indorse on the execution a description of the mortgaged premises.

From the Whitley Circuit Court.

*A. Y. Hooper* and *W. Olds,* for appellants.

*A. A. Chapin,* for appellees.

DOWNEY, J.—Henry G. Bell and Charles L. Lord complained of David G. Linville, Martha J. Linville, Harmon H. Beeson, and Charles Schauper, and alleged that Linville and wife executed a mortgage conveying to the plaintiffs certain real estate described in the complaint as security for the payment of six promissory notes, and that the mortgage was duly recorded; that afterward, at the March term, 1871, of said court, the plaintiffs, in an action, recovered judgment against said David G. Linville on the first four of said notes; that on the 22d day of November, 1871, an execution was issued by the clerk of said court on said judgment against the property of Linville, and delivered to the sheriff; that the sheriff made a pretended levy of the execution on the lands described in the mortgage, and on the 27th day of January, 1872, sold at public sale to the defendant Harmon H. Beeson forty acres of the land for two hundred and

ninety-five dollars, and at the same time sold to said defendant Charles Schauper two other portions of said land, one for two hundred and thirty dollars, and the other for two hundred and twenty dollars, and on the same day returned the execution with his proceedings thereon.

It is further alleged that the levy and sales were made in the absence from the county of both of the plaintiffs and their attorneys, and without their knowledge or consent, and that the sheriff, at the time of making the levy and sales, and the defendants, David G. Linville and Martha J. Linville, Harmon H. Beeson, and Charles Schauper, well knew that said lands levied upon and sold were mortgaged as aforesaid to secure the identical debt for which the judgment was obtained, on which the execution was issued, and that each and every of said defendants, at the time the sales were made, knew that said plaintiffs and their attorneys had no knowledge of said levy and sales, and knew that said David G. Linville was insolvent at that time, and that there was no other property out of which to make said judgment and costs than the mortgaged property aforesaid.

It is also alleged, that at the time of said sales the land purchased by said Beeson was worth twelve hundred dollars, and the lands purchased by said Shauper were worth two thousand dollars, and if plaintiffs had known of said levy and sales they would have ordered said levy relinquished, or would have bid a sum sufficient to have realized the amount due on said judgment, all of which defendants well knew. They charge that they have reason to believe and do believe that said levy and sales were made by the sheriff, and that said lands were purchased by the defendants Beeson and Schauper, at the instance and request of said David G. Linville, with the intention and hope of obtaining an undue advantage of the plaintiffs by reason of their ignorance of the same, and of depriving them of the means of realizing their judgment and costs; and they further charge that while said lands were purchased by said Beeson and Schauper, in their own names, they in fact were purchased for said

David G. Linville, who was the real purchaser thereof. They charge that the levy and sale were made in fraud of their rights in the premises, and are utterly void in law, and conveyed no right or title to said premises as against the mortgage of the plaintiffs; that neither said Beeson nor said Schauper has paid any money on their respective bids to any person entitled to receive the same, and they have therefore no equitable right as against the plaintiffs' mortgage, and yet they claim such an interest by virtue of their purchase. A copy of the notes and mortgage, of the proceedings and judgment in the action in which the judgment was rendered, and a copy of the execution and return thereon, are filed as part of the complaint; and it is alleged that no proceedings other than this present action are now being had for the collection of said debt secured by said mortgage.

Prayer, that the levy and sale be set aside and declared null and void, and that they may have judgment against said Thomas G. Linville for the sum of three thousand five hundred dollars, and a decree of foreclosure of said mortgage as against all of said defendants, and sale of the property, or so much thereof as may be necessary to pay their debt, and for other proper relief.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled. The defendants excepted, and refusing to plead over, judgment was rendered against them according to the prayer of the complaint.

The provision of the statute bearing on the question involved is the following:

"Whenever an execution shall issue upon a judgment recovered for a debt secured by mortgage of real property, the plaintiff shall indorse thereon a brief description of the mortgaged premises, and the equity of redemption shall in no case be sold on such execution." 2 G. & H. 297, sec. 640.

This section, as we understand it, contains a prohibition against the sale of the equity of redemption on an execution

issued on a judgment recovered for the mortgage debt, without a foreclosure of the mortgage. The language is, "and the equity of redemption shall in no case be sold on such execution." It does not seem to depend on the indorsement on the execution, but it "shall in no case be sold on such execution." The language is not that the equity of redemption shall not be sold when such indorsement has been made, but it is that such sale shall be made "in no case."

In New York, under a statute which makes it unlawful for the sheriff to sell the equity of redemption of the mortgagor by virtue of an execution on the judgment for the debt secured by the mortgage, and which directs the plaintiff's attorney to make an indorsement on the execution, with a direction to the sheriff not to levy upon the mortgaged premises, it has been held that such a sale is absolutely void. *Delaplaine* v. *Hitchcock,* 6 Hill N. Y. 14.

BRONSON, J., in that case said, in speaking of the execution : "It was valid process for the sale of either goods or lands, with the exception of the mortgaged lands. But as to these, the execution was no better than a piece of blank paper." So in the case under consideration, the execution might have been legally levied upon the personal property of the execution defendant, or upon any lands which he might have owned, except the mortgaged premises. For these purposes, it was no doubt authority to the sheriff. But he was forbidden by the statute to levy it upon the mortgaged premises. As authority to sell them, it was of no force or validity.

But we think the decision of the court was right on another ground. The indorsement which the statute directs to be made on the execution is designed to give information to the sheriff and to parties who may desire to become purchasers of the land. It could hardly be intended for information to the parties, as they may well be presumed to know the fact already. In this case, it is alleged in the complaint that the sheriff and the purchasers knew that the lands levied upon and sold were mortgaged to secure the identical debt for

Linville *et al. v.* Bell *et al.*

which the judgment was rendered. This being true, they were already possessed of all the information which would have been imparted to them by the indorsement, had it been made on the execution. The purchasers can not, therefore, claim that they suffered any harm from the want of such indorsement, and for this reason there is no ground on which to claim that the plaintiff is estopped to claim under his mortgage, as against them.

The claim set up by the purchasers is an unreasonable and unjust one. Beeson purchased the forty-acre tract of land for two hundred and ninety-five dollars, when, as alleged, it was worth twelve hundred dollars. Schauper gave four hundred and fifty dollars for the property purchased by him, when, as averred, it was worth two thousand dollars. And besides this, it is alleged that the purchases were for the mortgagor, and with the view of defrauding the plaintiff out of his debt.

Could the purchases be held valid, to any extent, it would seem that the purchasers acquired only the equity of redemption in the mortgaged premises. It seems to be the law in this State, as announced when the equity of redemption could be sold on such a judgment, that when the mortgagee purchased it he thereby satisfied the mortgage debt to the extent of the value of the mortgaged premises, after deducting the sum paid for the equity of redemption, but when a stranger was the purchaser, the only right he acquired was that of redeeming the land by the payment of the mortgage debt. *Murphy* v. *Elliott*, 6 Blackf. 482. Under this view of the case, the purchasers have no right which they can interpose to prevent the plaintiff from foreclosing his mortgage and selling the land to make his money.

The judgment is affirmed, with costs.