No. 10,073.

## Boone et al. *v.* Armstrong.

**Mortgage.—***Execution.—Sale on Personal Judgment for Mortgage Debt.—Vacating Sale.*—A sale of mortgaged real estate on execution upon a personal judgment taken on the mortgage debt is void, and may be so declared at the suit of the mortgagee, who had taken the judgment, caused the sale, and bid off the property.

**Same.—***Covenants of Warranty.—Estoppel.*—The covenants of warranty in a mortgage estop the mortgagor from denying the title which the mortgage purports to incumber.

From the Lawrence Circuit Court.

*W. R. Gardiner, S. H. Taylor, M. F. Dunn* and *G. H. Dunn, Jr.,* for appellants.

*A. C. Voris, S. D. Luckett, W. H. Martin, G. W. Friedley* and *E. D. Pearson,* for appellee.

Woods, C. J.—Complaint by the appellee to set aside and annul an entry of satisfaction of a judgment against the ap-

pellants, on the ground that the satisfaction was accomplished by the sale upon execution of real estate which had been mortgaged by one of the appellants to secure the debt for which the judgment was taken.

The court overruled a demurrer, for want of facts, to the complaint; excepting to this ruling, the appellants answered to the effect that the appellee, who was the judgment plaintiff and the mortgagee, caused the execution to be issued and levied upon the mortgaged land as the property of both appellants, and at the sheriff's sale bid the property off, and, having afterward accepted the sheriff's deed, caused it to be recorded, and by virtue of it claimed title and sought by suit to recover the possession of the appellants.

The court sustained a demurrer, for want of facts, to this plea. The appellants insist that the complaint is bad, and that if the same be good the answer is sufficient.

While it is alleged in the answer that Jane Boone, who alone executed the mortgage, in fact owned only an estate for life in the land mortgaged, and that the appellee caused his execution to be levied upon the land as the property of both defendants, it is not alleged that the appellant Virgil Boone in fact had any interest in the property; indeed, the appellant Jane is estopped by the covenants of her mortgage from asserting that she did not own the estate which the mortgage purports to encumber. *Plowman* v. *Shidler*, 36 Ind. 484.

The question is the same, therefore, upon the answer as upon the complaint, and is, whether or not a sale of mortgaged premises upon an execution upon a personal judgment taken upon the mortgage debt is void, and may be set aside at the instance of the judgment plaintiff though made under his direction and though he was himself the purchaser.

The statutory provision on the subject is, that "Whenever an execution shall issue upon a judgment recovered for a debt secured by mortgage of real property, the plaintiff shall endorse thereon a brief description of the mortgaged premises,

and the equity of redemption shall in no case be sold on such execution." 2 G. & H. 297, section 640.

Counsel for the appellants argue with some force, that this provision was designed for the benefit of the mortgagee, and therefore can be waived by him, and that, upon the facts stated, the appellee must be held to have waived it. A different view was declared in *Linville* v. *Bell*, 47 Ind. 547, where the following language of BRONSON, J., in *Delaplaine* v. *Hitchcock*, 6 Hill N Y. 14, is quoted with approval: "It (the execution) was valid process for the sale of either goods or lands, with the exception of the mortgaged lands; but as to these, the execution was no better than a piece of blank paper."

Counsel have cited a provision in the Revised Statutes of 1843, pp. 462-3, and refer to *Johnston* v. *Watson*, 7 Blackf. 174, as a decision, made under that law, which upholds such a sale. The decision, however, contains no reference to the statute; it cites *Murphy* v. *Elliott*, 6 Blackf. 482, as decisive of the question, and must, therefore, be presumed to be upon facts which occurred before the laws of 1843 took effect. *Heimberger* v. *Boyd*, 18 Ind. 420, is also cited by counsel, but it simply decides that the equity of redemption in a mortgaged chattel, as well as of mortgaged real estate, may be sold on execution; but the execution in the case was not for the debt secured by the mortgage, and, consequently, the decision or opinion can have no bearing on the present question.

The conclusion established that the sale was a nullity, it follows that the satisfaction of the judgment shown by the return upon the writ should be expunged, and the plaintiff restored to his proper remedies, except that the costs of the illegal sale should not fall upon the appellants. *Kercheval* v. *Lamar*, 68 Ind. 442; *Hughes* v. *Streeter*, 24 Ill. 648.

Judgment affirmed.