## CLARK *v.* JACKSON.

The purchase by a mortgagee of the equity of redemption, at a sale by the mortgagor's assignee in insolvency, has the effect of a legal foreclosure, and satisfies the mortgage debt to the extent of the value of the premises so acquired.

By such purchase the mortgagee is not estopped from claiming that the property is of less value than the amount of the debt; and a writ of

entry may be maintained upon a mortgage of other land, given to secure the same original debt.

WRIT OF ENTRY, on a mortgage of lands in Rindge, dated March 31, 1881, to secure notes of that date amounting to $5,000. Facts agreed. On the same day a mortgage of certain lands in Massachusetts was given to secure the same notes. The mortgagor, a resident and citizen of Massachusetts, was declared insolvent under the laws of that state, and his assignees, on the 24th of June, 1884, sold at auction his equity of redemption to the plaintiff, who bid off the same for a nominal sum, because he believed that to be the least expensive way of foreclosing his mortgage. The value of the mortgaged property in Massachusetts was much less than the amount due on the mortgage debt at that time, and the plaintiff now seeks to apply the demanded real estate to the payment of the amount still due.

The defendant contends that the plaintiff is estopped from maintaining this suit by bidding off the equity of redemption in Massachusetts. Prior to the assignees' sale, the defendant attached the demanded premises on a claim against the mortgagor which arose after the mortgage; and having obtained judgment, duly levied his execution thereon. The plaintiff knew of the attachment and the commencement of the levy before he purchased the equity of redemption.

*B. Wadleigh* and *C. F. Webster*, for the plaintiff.

*Batchelder & Faulkner* and *H. W. Brigham*, for the defendant. By the Massachusetts statute the mortgagee had the right to have the value of his security determined by a sale of the property, the proceeds of the sale applied to his debt, and then prove the balance of his claim; or to release his mortgage to the assignees and then prove the whole of his claim. "If the property is not so sold, or released and delivered up, the creditor shall not be allowed to prove any part of his debt." The assignees had the right, also, if they considered the property of greater value than the debt, to sell the equity of redemption for the benefit of the estate without request from the mortgagee. The fact that they offer it for sale is proof that they consider the property of greater value than the mortgage, otherwise it would be idle to go through the form of a sale. *In re Lambert*, 2 Nat. Bank. Reg. 426; *In re Bowie*, 1 Nat. Bank. Reg. 628. The proceeds of such sale are held "to be the price or value of the interest so sold, and with a knowledge of the incumbrances." *In re Mebane*, 3 Nat. Bank. Reg. 347; *In re McClellan*, 1 Nat. Bank. Reg. 389; *Second N. Bank* v. *N. State Bank*, 11 Nat. Bank Reg. 49.

The mortgagee did not avail himself of the provision of the statute to have the value of his security determined; and after thus acquiescing in the position taken by the assignees, he ratified

it by purchasing the equity at auction, paying a consideration therefor, and taking a deed from them. By the statute above quoted he was barred from proving his claim against the insolvent, and, after purchasing the equity without any understanding with the assignee or the insolvent that he was purchasing for any other purpose than to become the sole owner of the property, he placed himself in such a position that, had the insolvent failed to procure a discharge, he could not have enforced his claim against him or his representatives. And we submit that when the holder of a note has, by his acts, placed himself in such a position toward the maker that he cannot exact payment of him or his representatives, he cannot afterwards set up non-payment of the same note against the rights of others. The plaintiff could have taken no action upon his note after the maker went into insolvency, until he had brought himself within the provisions of the statute. *Lanckton* v. *Wolcott,* 6 Met. 305. This he elected not to do, and having taken a different course, must abide by the results of his action.

The plaintiff has fixed and determined the value of the mortgaged property. The assignees offered for sale at auction a definite estate subject to a definite claim, and asked for bids for the right to redeem from that claim. The plaintiff unconditionally, and without stating that his bid was different in purpose or nature from any other bid made, purchased this right to redeem, paid a consideration, and took a deed. By so doing he recognized and established the fact that the property was worth something more than the claim, and is now estopped to deny it. We fail to distinguish any difference in principle between this case and one where two chattels are pledged to secure the same debt, and the pledgee, resorting to a sale of the chattels to realize upon his claim, at auction buys one of the chattels, bidding therefor a nominal sum above his claim. The other chattel must necessarily be released from the pledge, and the debt held in law to be paid. If this other chattel had been attached subject to the pledge before the sale, and afterwards levied upon, the pledgee would not be allowed to say that he had paid too much for the first chattel at the sale, and ought still to have his lien for a balance upon the second chattel.

By purchasing the equity and taking the deed the two estates became merged in Clark, and the debt became extinguished. *Norris* v. *Morrison,* 45 N. H. 499. There is no evidence that he purchased with any other intention than to merge them, and had he any other intention, it cannot affect the rights of other parties unless such intention was expressed and understood by all parties to the transaction.

BLODGETT, J. For the purposes of this case it is agreed that the value of the Massachusetts lands was much less than the amount of the mortgage debt, and that the plaintiff purchased the equity of redemption for a nominal sum at the auction sale by the

mortgagor's assignee in insolvency, "because he believed that to be the least expensive way of foreclosing his mortgage." Under these circumstances, and as against those lands, the union of the titles of the mortgagor and mortgagee undoubtedly became perfected in the latter, and his remedy exhausted, but the mortgage debt was neither satisfied in fact nor extinguished in law. To hold otherwise would obviously be inequitable, and in such case it is held that the union of titles will not of itself be considered a merger so as to operate as payment or satisfaction of the mortgage debt; and this is the rule both at law and in equity. *Walker* v. *Baxter*, 26 Vt. 710. To the extent of the value of the property acquired, at the time when the mortgagor's right therein was extinguished, the plaintiff's mortgage debt is to be regarded as satisfied, and his mortgage lien released, but no further.

A foreclosure upon that property would have had this effect (*Smith* v. *Packard*, 19 N. H. 575, *Green* v. *Cross*, 45 N. H. 574, *Fletcher* v. *Chamberlin*, 61 N. H. 438, 2 Jones Mort., *s.* 950); and no reason is perceived why the purchase of the mortgagor's equity should not have the same effect. The process of foreclosure is only one of the ways and remedies of a mortgagee to obtain an absolute title to the property. Among others, he may obtain such title by becoming the purchaser of the equity of redemption at a sale by the mortgagor's assignee in insolvency, or on execution, both of which may often be a convenient and inexpensive mode of procedure; and as the law gives the mortgagor the same right to redeem from a sale as from a foreclosure, and imposes the same accountability for rents and profits upon the mortgagee, there would seem to be no difference in principle between the one mode and the other in respect of the mortgage debt; and we are of opinion there is none.

Such, also, is the weight of authority. " The purchase of the equity of redemption by the mortgagee at a sale by the mortgagor's assignee in insolvency or on execution is not at law a satisfaction of the mortgage debt, and the mortgagee is not estopped from claiming that the property is of less value than the amount of the debt." 2 Jones Mort., *s.* 950; *Murphy* v. *Elliott*, 6 Blackf. 482; *Johnston* v. *Watson*, 7 Blackf. 174; *Speer* v. *Whitfield*, 2 Stock. 107; *Lydecker* v. *Bogert*, 38 N. J. Eq. 136; *Walker* v. *Baxter*, supra; *Findlay* v. *Hosmer*, 2 Conn. 350; *Post* v. *Tradesmen's Bank*, 28 Conn. 420;—and see *Marston* v. *Marston*, 45 Me. 412; *Puffer* v. *Clark*, 7 Allen 80; *Spencer* v. *Harford*, 4 Wend. 381; and *Hartz's Appeal*, 40 Pa. St. 209.

The plaintiff may therefore maintain this action, and if no other means are or have been taken to ascertain the value of the Massachusetts lands embraced in his mortgage, it may be proved on the trial under the plea of *nul disseizin*. *Green* v. *Cross*, supra.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.