No. 6794.

## PAUL FELIX v. JOS. N. BRUCE.

### Syllabus.

A natural child acknowledged may inherit from his mother who has left no lawful descendants under the law and under her testament to the exclusion of all the lawful relations of the mother.

An acknowledgment by a notarial testament is valid.

A vendor cannot transfer greater rights than he had himself.

The laws of registry do not apply to rights acquired by inheritance.

The surviving husband is preferred to all the natural relations of his wife, including natural fathers, mothers, brothers, sisters, and other collaterals with the exception only of her children.

The uncle or aunt of an illegitimate person cannot inherit from him.

The burden of proving marriage and legitimacy, when denied, rests with the party asserting rights arising from those relations.

There is no presumption of marriage and legitimacy until it is established that the parents lived together as husband and wife, and held themselves out as such, and were so recognized in Society, and when their children are raised and educated and considered as their lawful offspring.

Appeal from the Civil District Court, Parish of Orleans, No. 99,951, Divisions "A and C"; Honorable T. C. W. Ellis and E. K. Skinner, Judges.  Affirmed.

L. H. Marrero, Jr., for plaintiff and appellant.

W. H. Holden and Ker & Felieu, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a petitory action. Plaintiff alleges that he is the owner of a **certain lot of ground on Fern Street,** fully described in his petition; that he acquired the same at a tax sale made by the City of New Orleans by Act of Jno. J. Reilly, Notary, dated August 6, 1910; that defendant is in possession of the same and refuses to recognize plaintiff as owner or to deliver possession of the same; and plaintiff prays to be recognized as owner and for damages in the shape of rents, attorney's fees and for slander of title, amounting to $781.00.

On defendant's exception the suit for damages was "dismissed as in case of non-suit."

For answer defendant alleged that he was the owner of the property for having acquired the same as surviving husband and heir of his wife, Georgiana Scott; that she had acquired from her mother, Elizabeth Scott, by virtue of her testament duly probated and ordered to be executed in the *Successions of Elizabeth Scott and Georgiana Bruce;* that he redeemed the tax sale mentioned in plaintiff's petition; that he has paid insurance and taxes, and made repairs on the property which he is entitled to recover from plaintiff; and he prays that plaintiff's suit be rejected.

There was judgment for defendant from which plaintiff has appealed.

The property having been redeemed by the defendant the tax sale is no longer an element in this controversy.

The facts established upon the trial of the case are the following:

**Elizabeth Scott** purchased this property in 1902; she died in October, 1906; her daughter, Georgiana, died on April 8, 1908; she had been married in 1900 under the

name of Georgiana Jackson to Joseph N. Bruce; in the marriage certificate, she is described as the daughter of John Jackson and Elizabeth Jackson. **Elizabeth Scott** also left a sister named Mary or Amanda Scott, wife of John Smith, and two brothers called Henry Scott and John Scott, and a minor niece, Elenora Scott, wife of Jordan and daughter of Richard and Sophie Scott.

It also appears that Elizabeth Scott had a son named Charles Smith; she also had three other brothers called Addison, Jim and Reuben Scott, and another sister named Martha, all of whom are dead.

On July 2, 1908, Mary Scott, wife of John Smith, and Henry Scott and John Scott opened the succession of **Elizabeth Scott.**

They alleged that their deceased sister "left no direct ascendants or descendants and that they and the minor, Eleanora Scott, daughter of Richard Scott, a deceased brother of the deceased and of your petitioners, are the sole and only heirs of the said Elizabeth Scott and are entitled as such to be placed in possession of all the property left by the deceased."

Two (2) witnesses other than petitioners, swore to the truth of those allegations. Plaintiffs did not. By judgment rendered January 28, 1910, the four (4) above named parties, two brothers, one sister, and one niece were "recognized in default of direct ascendants or descendants as the sole and only heirs of Elizabeth Scott", and sent into possession of the property in the proportion of one-fourth each.

On August 6, 1910, all of said four parties joined in an act and sold the property to Paul Felix, plaintiff herein; the minor was represented by her mother and tutrix. All of said parties are colored and declared "that they were illiterate and knew not how to write their names but would

66

affix their usual marks in lieu of their signature, which they did."

On July 14, 1908, Joseph N. Burce opened the *Succession of Elizabeth Scott and Georgiana Bruce.* He alleged that Elizabeth Scott died October 24, 1906, leaving a will by Act of F. Deibol, Notary, dated November 3, 1905, by which she bequeathed all her property to her daughter, Georgiana Bruce; that she had no other heirs; that Georgiana Bruce, his wife, died, intestate, on April 8, 1908, "leaving no heirs, except petitioner." He prayed for judgment "declaring his said wife, Georgiana Bruce, to be the sole and only heir of her mother, Elizabeth Scott, and as such entitled as owner to the property hereinbefore described, and that there be judgment in favor of petitioner declaring him to be the sole and only heir of his said wife and as such entitled to the ownership and possession of the hereinbefore described property."

Four parties, other than petitioner, swore that "Mrs. Scott had only one child living at her death, that was her daughter, Georgiana, there were no other children or grandchildren living, no father or mother, nor any collateral relatives whatever; that said Georgiana Bruce has no father or mother living, and never did have any children or adopted children; that Joseph N. Bruce, husband of said Georgiana Bruce, is the only living heir of his said wife; that there are no heirs, children, brother or sister of said deceased persons."

There was judgment accordingly recognizing Joseph N. Bruce "as the sole and only heir of his deceased wife, Georgiana Bruce, and as such entitled to the possession and ownership of the property inherited by his said wife from her mother, Elizabeth Scott."

Whether Georgiana Bruce is a daughter or not of Elizabeth Scott, and whether she is legitimate or not, is imma-

67

terial insofar as her right to inherit from Elizabeth Scott is concerned. If she is not her daughter, she inherits only by virtue of the testament of Elizabeth Scott. If she is her daughter, then she inherits by virtue of both the will and of the law. If she is a legitimate daughter then she inherits from her mother under article Civil Code 902 (898). If she is an illegitimate daughter then she inherits under the testament, 4 A., 305 and Article 918 Civil Code, which provides:

> "Natural children are called to the legal succession of their natural mother, when they have been acknowledged by her, if she has left no lawful children or descendants to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred." 33 A., 1099.

Georgiana was acknowledged by her mother by her notarial testament in accordance with C. C. 203 (221), 209 (227); 6 R.; 241; 21 A., 437; 41 A., 87; 11 A., 59; 73 U. S., 642 (699); C. N., 334; Dalloz Codes Annotes, p. 624, No. 101.

There is no pretense that she has left any other child.

> C. C., 1484 (1471). "When the natural mother has not left any legitimate children or descendants, natural children may acquire by her by donation inter vivos or mortis causa to the whole amount of her succession."

It is therefore evident and beyond any possible doubt that the judgment of January 28, 1910, recognizing the brothers and sister and niece of Elizabeth Scott as her heirs was an error and is invalid, and, inasmuch as it was rendered ex parte, it binds no one, and conferred no rights upon those in whose favor it was rendered. It follows as a necessary consequence that the purchaser, Paul Felix,

68

acquired nothing, because they could not transfer greater rights than they had themselves. 12 *Rob.*, 552.

Plaintiff's contention that his title is good because the defendant failed to register the judgment in his favor is without force because the laws of registry do not apply to rights acquired by inheritance. 5 *A.*, 382 (389) ; 130 *La.*, 491, 111 *La.*, 457.

The only title by which plaintiff may claim must rest therefore upon the assumption and admission that Georgiana Bruce was a daughter of Elizabeth Scott and that plaintiff's authors inherited as the uncles and aunts of Georgiana Bruce to the exclusion of her husband, defendant herein, Joseph N. Bruce. But in order to succeed plaintiff must prove that his vendors were the legitimate relatives of Georgiana, in other words, that they themselves were legitimate, and that Georgiana Burce was legitimate also, for otherwise they cannot inherit from her. Under *C. C.*, 238 (254), "illegitimate children generally speaking belong to no family and have no relations."

Even if they were legitimate, they would not inherit from Georgiana if she was illegitimate, because legitimate and illegitimate persons do not inherit from each other. 2 *A.*, 268.

Only those illegitimate relations who are specifically named by the law are permitted to inherit from an illegitimate relation. 42 *A.*, 159; 11 *A.*, 59.

> *C. C.*, 917 (911). "When the deceased has left neither lawful descendants, nor lawful ascendants, nor (lawful) collateral relations, the law calls to his inheritance either the surviving husband or wife, or his or her natural children, or the State, in the manner and order hereafter directed."
> *C. C.*, 924 (918). "If on the contrary it is the wife who died without leaving any lawful descen-

dants, ascendants, or (lawful) collateral relations, her surviving husband not separated from bed and board from her, shall not inherit from her, except in case she should leave no natural children by her duly acknowledged."

It has been held that the words "collateral relations" refer to legal or lawful collaterals. 42 *A.*, 158.

It has also been held that the surviving husband is preferred to all the natural relations of his wife including natural fathers, mothers, brothers and sisters, and other collaterals. excepting her natural children only. 6 *La.*, 642; 2 *A.*, 98. See also 2 *A.*, 268; 8 *A.*, 279; 11 *A.*, 120; 42 *A.*, 158; 112 *La.*, 572.

It has been specially decided that "there is no statutory provision authorizing the uncle or the aunt of an illegitimate person to inherit from him." 11 *A.*, 59; 27 *A.*, 575; 42 *A.*, 158.

But counsel for plaintiff contends that the presumption of law is that all persons who live as husband and wife are married and that all children are legitimate, and that the burden of proof is upon those who deny it to disprove it. He furnishes no authority in support of this advanced proposition. It would be a radical presumption when applied to the plaintiff's vendors in this case.

But even if counsel is correct, the circumstances of this case are sufficient to destroy this presumption. If Elizabeth Scott was married why did she continue to use her maiden name and the same family name as her brothers and sisters, and why did she not assume the name of her husband? The fact that Georgiana Bruce was married under the name of Georgiana Jackson and was described as the daughter of "John Jackson" would lead to the presumption that Georgiana was an "accident", and that Elizabeth "Scott" did not consider John Jackson her "husband."

.70

The jurisprudence of Louisiana, as we know it, is correctly laid down in *Blasini v. Succession Blasini*, 30 *A.*, 1388:

"Where a man introduces a woman to his friends as his wife, calls her his wife, and he and she live together publicly as man and wife until her death, and their children, born while they are thus living together, are baptized, reared, and educated as their legal offspring, the law will presume that they had been lawfully married, and that their children are legitimate, until it is shown that no marriage between them ever took place, or that it was void on account of some nullity established by law." See also 6 *La.*, 463; 15 *A.*, 46; 2 *A.*, 944.

But until this foundation is laid, there exists no presumption of marriage or legitimacy.

It has been held that parties claiming rights resulting from marriage must establish that fact as conclusively as any other fact. 15 *A.*, 410; 46 *A.*, 236.

In *Castaxine v. Bouliris*, 43 *A.*, 951, the Court said:

"(a) As plaintiff's title was alleged to be one by inheritance, and the answer denied their heirship, definite proof was absolutely required of plaintiffs' legitimate heirship to entitle them to recover from a stranger; and, in thus instituting suit, they incurred this risk, and the burden of making such proof." Also 11 *A.*, 59.

In the *Succession of Nereaux*, 112 *La.*, 572 (574), the Court said:

"In order to entitle the opponent to a judgment, he should show that the decedent was his lawful brother, either of the whole or of the half blood, for 'the surviving wife is called to the inheritance, and preferred to all the natural relations of the husband, and he to all her natural relations, except those of the descending line'—authorities."

In *Lynch v. Knoop*, 118 *La.*, 611, the question for determination is thus stated:

> "The legitimacy *vel non* of plaintiff's daughter is the first that presents itself."

The Court said:

> "Defendant took the position that the onus of proof to show marriage was with the plaintiff; while, on the other hand, the plaintiff appears equally as confident that the onus of proof that she was not married was with the defendant. In our view, the onus of proof was with the plaintiff. It devolved upon her, in order to meet the issue, tendered, to produce evidence of her marriage. In the absence of all proof of marriage, in the face of an absolute denial, the legitimacy of a child will not be presumed where one of the parties to an asserted marriage is a party to the suit and makes no attempt to prove the marriage. True, the legitimacy of a child born during the marriage is fixed but it is otherwise if there was no marriage and parties entirely fail to prove marriage."

These decisions are based upon the elementary rule of evidence that

> "the burden of proof is on him who has to support his case by a fact of which he is supposed to be most cognizant, and the evidence of which is more within his power than that of his opponent." 1 *H. D.*, 495; 15 *A.*, 509, 663; 106 *La.*, 591; 48 *A.*, 1148 (1151); 52 *A.*, 1719.

The proof is incumbent upon the party who would be defeated if no proof was offered. 46 *A.*, 1005.

But in this case no proof of marriage or of legitimacy is attempted. The plaintiff's vendors rely exclusively upon the presumption that their parents were married and that they are legitimate, and upon the same presumption as

72

regards Georgiana Bruce. We have said that they have not established any state of facts sufficient to create such presumption. On the contrary, when they obtained the judgment recognizing them as the brothers and sister of Elizabeth Scott, they alleged that she had left no descendants and ignored the existence of Georgiana Bruce, from whom they now claim to inherit. When Bruce opened the succession of his wife and of Elizabeth Scott, four (4) witnesses swore that they had not left "any collateral relations whatever."

It is therefore ordered that the judgment be affirmed.

Opinion and decree, December 4, 1916.

Rehearing refused, January 22, 1917.