BUSINESS MEN'S FINANCE ASSOCIATION *v.* ROLSIN ET AL.

[No. 12,913. Filed May 15, 1928. Rehearing denied August 29, 1928. Transfer denied October 26, 1928.]

110

*Alonzo R. Feemster, Allison M. Feemster* and *Benjamin A. Ball,* for appellant.

*Ray K. Shively,* for appellees.

THOMPSON, J.—This is a suit by the Business Men's Finance Association against Horace Rolsin, as maker, and Roy Carroll as indorser, to recover an alleged balance due on a promissory note given by Rolsin to Carroll and by the latter indorsed to the plaintiff. Rolsin defaulted; Carroll filed answer, the first paragraph being a general denial. He also filed an affirmative answer and a counter-claim, but, in view of the result reached, they are not material, and will not, therefore, be set out.

A trial by jury resulted in a verdict in favor of defendant Carroll, after which the plaintiff filed a motion for a new trial. This motion was overruled, after which the court, without any verdict or finding as to the defendant Rolsin, rendered judgment against him for the amount of the note. Judgment was also rendered in favor of the defendant Carroll, and this appeal followed.

The error assigned is the action of the court in overruling appellant's motion for a new trial, the specifications therein being: (1) That the verdict is not sustained by sufficient evidence; (2) that it is contrary to law; (3) that the court erred in giving instructions; and (4) in admitting certain evidence.

A copy of the note and of an alleged written indorsement thereof signed by Carroll were attached to and

made a part of the complaint. Also, a copy of the chattel mortgage and the assignment thereof by Carroll to the plaintiff, marked "Exhibit B," were attached to and made a part of the complaint. The original note, but no indorsement thereof by Carroll, was introduced in evidence. It appears from the evidence that the note in question was secured by a chattel mortgage upon certain personal property; that the chattel mortgage contained a blank space where the original note was written in the mortgage and there signed by Rolsin, and that no other assignment paper separate and distinct from the chattel mortgage and the note therein was signed by Carroll. The note thus written in the chattel mortgage, the chattel mortgage and a written assignment of the mortgage were introduced in evidence. No written assignment or indorsement of the note was introduced in evidence. The assignment of the mortgage is as follows: "For value received, I hereby sell, assign and transfer the within mortgage, and all the right, title and interest which I have or hold to the personal property therein named to the Business Men's Finance Association, a corporation of Richmond, Indiana, with recourse, this 26th day of March, 1923.

"Carroll Auto Agc.

"J. R. Carroll."

Appellant, in its brief, frankly states that the only assignment of the mortgage or note introduced in evidence is the one just set out.

Treating Carroll as an assignor by delivery, what, if any, contractual obligation did he incur? In the absence of an indorsement or written assignment of the note, was he liable to appellant as an indorser?

If not, the verdict was correct, and there was no error in overruling the motion for a new trial. In 8 C. J. 382 and 567, it is said: "A transferor by de-

livery of a bill or note payable to bearer or indorsed in blank, being a mere conduit for the transfer of its legal title, incurs no liability on the instrument, and is not responsible if, at maturity, it is dishonored." In *Hough v. Osborne* (1855), 7 Ind. 140, the court said: "The only thing easily perceivable as to the transfer of the mortgage security without the notes, was its futility." See, also, *Johnson* v. *Cornett* (1867), 29 Ind. 59.

The court did not err in overruling the motion for a new trial.

Affirmed.