Howard, J.
This action was brought by the appellant to foreclose a mortgage upon certain real estate, and to redeem from a sale of such real estate on foreclosure of a prior mortgage. The appellee, Greenly V. Woollen, claims title to the land under the sale so made on foreclosure of the first mortgage. The other appellees make no claim to any interest in the controversy. Greenly V. Woollen filed his answer to the complaint, and also filed a cross-complaint, setting up his title under such former foreclosure proceedings, and asking to have his title quieted. The court made a special finding of the facts in. the case, finding for the appellee Woollen, substantially as the facts are alleged in his cross-complaint.
The appellant contends that the court erred in overruling his demurrer to the answer, and also in its conclusions of law on the facts found. There is, in reality, but one question made in these two contentions, namely, whether due notice by publication was given to appellant in the foreclosure proceedings through which appellee claims title. The facts from which this question may be answered are stated most strongly for appellant in the special findings of the court. On June 15, 1876, one of the remote grantors of the appellee Woollen obtained a first mortgage on the land in controversy; and on November 20, 1876, the appellant, a nonresident, was given a second mortgage on *308 the same land. On January 17,1878, the holder of the first mortgage brought suit to foreclose the same, making Henry L. Banger and others defendants thereto, and giving due notice, by publication, to the said Banger, as nonresident holder of the second mortgage. Judgment was rendered against the said Banger on default. The appellant’s correct name is Henry L. Baugher, and the question for decision is, whether, under the facts found, the notice to him under the name of Henry L. Banger was sufficient.
The appellee Woollen, before purchasing the land, and his remote grantor, before bringing the original foreclosure suit, made diligent examination of the county records by careful and skilled attorneys, who found that the name of the holder of the second mortgage, as there recorded, was Henry L. Banger. In its third special finding of facts, in this case, the court-finds: “That the deputy recorder who spread said [second] mortgage upon said mortgage record, rqad the mortgagee’s name in the original mortgage as Henry L. Banger, and so intended to record it; that the caption to said mortgage in said mortgage record reads, ‘Eli H. Weiand to Henry L. Banger;’ that, as recorded, the name of the mortgagee in said mortgage could be read either as Henry L. Banger or as Henry L. Banger, and that the name of the payee of the note described in said mortgage, as recorded, was so written as to be read Henry L. Buugher or Henry L. Bungher; that said mortgage was indexed in said mortgage as ‘Eli Weiand to Henry L. Banger.’ ”
Appellant’s correct name does not appear anywhere in the record; and the court finds that, “The defendant Greenly V. Woollen had no actual knowledge of any claims of the plaintiff [appellant here] to or upon the said real estate until the beginning of this suit.” No *309 want of care is shown on appellee’s part. See 1 Jones’ Mortgages (4th ed.) section 592.
Section 1108, Burns’ E. S. 1894 (1094, E. S. 1881), in force at the date of bringing the acton to foreclose the first mortgage, provides that in a suit to foreclose a mortgage, “it shall be sufficient to make the mortgagee, or the assignee shown by said record to hold an interest therein, defendants.”
The cases in this court, cited to show that when a mortgage is given to secure notes held by different persons, the holders of the several notes should be made parties to the foreclosure proceedings, were all cases decided before the enactment of the foregoing statute, and must be understood as modified thereby. It is still true that the assignment of a note secured by mortgage operates, pro tanto, as an assignment of the mortgage itself. Parkhurst v. Watertown, etc., Co., 107 Ind. 594. But, in order that the holder of a note so assigned, should be protected in his lien against a good faith mortgagee or an innocent purchaser of the mortgaged premises, it is necessary that such assignment should be placed upon the record, as provided by the statute. Connecticut, etc., Life Ins. Co. v. Talbot, 113 Ind. 373.
The record, therefore, showing no assignment of the note secured by the record mortgage, the assumption must be that the note was owned by the mortgagee himself. He took in his own name, as the record shows, a mortgage to secure the note. The note might have been originally given to some one else and transferred to the mortgagee; or it might have been originally given the mortgagee himself, and his name incorrectly copied in the description of the note. However that may be, there is nothing in the record to show that the note ever belonged to any one but the mortgagee. There being no assignee shown, it was there *310 fore sufficient, in the words of the statute, to make the mortgagee defendant in the suit to foreclose the mortgage.
In any event, we are unable to see how the appellant can complain of the fact that he was made a defendant under the name of Banger, instead of Bauger, Buugher or Bungher. It is not pretended that one of these forms is any more his correct name than another. And what difference it could make to appellant whether he was notified under one incorrect name rather than another, we fail to understand. The notice was given to him by the name which appeared in the record, that which stood at the head of the page in the title and in the index, which the recorder intended to copy, and did copy, as the true name of the mortgagee. If that name was incorrect, appellant himself was to blame. Appellee’s remote grantor, in bringing the suit, had a right to rely upon the record in the recorder’s office; and that record showed the mortgagee’s name to be Henry L. Banger, the name by which he was notified of the action against him.
We think, also, that appellant is shown to have been guilty of inexcusable laches, in not sooner discovering and correcting the error in the recording of his name. The court finds that he held the mortgage off the record, with his name incorrectly spelled, for the period of fifty-four days, and then filed it without change. It is further found that the note secured by the mortgage was executed January 1, 1876; that the interest for the first three-quarters of that year only had been paid before the giving of the mortgage, and nothing has since been paid; that from the date of the mortgage, November 20, 1876, until the bringing of this suit, October 27, 1891, the appellant did nothing to correct his mortgage record, and made no effort to collect principal or interest of his debt. Indeed, from the *311 facts shown, it would seem that he had utterly abandoned, if not quite forgotten, both mortgage and debt for the whole period of fifteen years.
It might, perhaps, be proper, with due explanation, even after so long a delay as fifteen years, to ask for a reformation of the mortgage, provided only the original parties remained, and the rights of innocent third persons had not intervened. But when we remember that the lands had long since passed into the hands of those who purchased in good faith, after first making careful examination of the public records left by appellant himself, and who have made valuable improvements upon the lands, it is very clear that the appellant can have no standing here, as he had none in the court below.
Judgment affirmed.