Colman *v.* Watson *et al.*

## COLMAN *v.* WATSON ET AL.

JUDGMENT AND DECREE.—*Misdescription of Lands in.*—*Reformation of.*—*Lien.*—*Enforcement of.*—*Notice.*—Where a judgment and decree have been rendered against certain realty, therein attempted to be, but erroneously described, and subsequently thereto, a person, having both actual and constructive notice of the lien of such judgment, purchases said realty, the judgment-plaintiff, in an action therefor against such purchaser, may have a correction of the description of such realty in such decree, and enforce the collection of an unpaid balance of such judgment.

SAME.—*Lien on Real Estate.*—*Recital of in Deed.*—*Binds a Person Claiming Thereunder.*—In lieu of a widow's right of dower in certain real estate formerly belonging to her deceased husband, which had been sold to a purchaser at a sheriff's sale thereof, on an execution against such deceased husband, in his lifetime, by the agreement of such widow and such purchaser, a judgment was rendered by the circuit court in her favor and against said real estate, decreeing the payment to her, at a certain time, annually, during her lifetime, of a certain sum, and that on default being made in any such payment, a writ should be issued to make the sum due out of such real estate, which was therein described very vaguely and loosely.  Such purchaser subsequently sold and conveyed such real estate, by a warranty deed, which correctly described said real estate, and mentioned, as excepted from the covenant of warranty, said judgment in lieu of dower, and which deed was duly recorded.

*Held*, that a person claiming title to such real estate, through and by a chain of title which included such warranty deed, was bound to take notice of the recital and exception in said deed, in relation to such judgment.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle*, for appellant.

*W. H. De Wolf* and *S. N. Chambers*, for appellees.

HOWK, J.—In this cause, appellant was plaintiff, and appellees were the defendants, in the court below. The appellee Watson demurred separately, and the other appellees demurred jointly, to appellant's complaint. The ground of objection to the complaint, in both demurrers, being the want of sufficient facts to constitute a cause of action. These demurrers were sustained by the court below, and to these decisions appellant excepted, and refusing to amend further, judgment was entered upon the demurrers in favor of appellees and against appellant.

In this court, appellant has assigned, as error, the decisions of the court below, in sustaining appellees' demurrers to her complaint.

Appellant's complaint is very long, but we will summarize its material facts as briefly as we can. It is alleged, in substance, that prior to 1844 appellant was the lawful wife of one Samuel Hill; that during the existence of their marriage, said Samuel Hill was the owner in fee simple of the real estate in Knox county, Indiana, thus described: the northeast half of lot No. 84, in the city of Vincennes, according to the numbering of lots on the plat of the survey of the old borough of Vincennes, made by Johnson and Emison, situate on the south corner of Second and Busseron streets, in said city, and being such owner, he died at said county, leaving appellant as his widow, prior to 1844; that on a judgment against said Samuel Hill, the said real estate had been sold and conveyed by the sheriff to one Samuel Judah, and under said sheriff's sale and deed, said Judah took

possession of said real estate, claming it as his own; that after the death of said Samuel Hill, appellant, as his widow, commenced a suit in the court below, against said Samuel Judah, then in possession of and claiming title to said real estate, to have her dower interest in said realty assigned and set off to her; that in the progress of said suit, in the court below, on the 3d day of April, 1844, a certain judgment was rendered by the court, a copy of which judgment was filed with and made part of the complaint in this action; which said judgment was rendered in a cause, entitled "*Patsey Hill* v. *Samuel Judah,*" and was entered as follows:

"Patsey, the widow of Samuel Hill, late of Knox county, now deceased, having entered into an amicable arrangement by which the right of the said Patsey Hill to dower in certain property, now in possession of said Judah, lying in the borough of Vincennes, on the corner of Second and Busseron streets, formerly owned by the said Samuel Hill, was referred to William Burtch and Robert N. Carnan; and the aforesaid parties, Patsey Hill, by her attorney Fauntleroy, and Samuel Judah, appearing and agreeing to the amount of dower assessed by the said referees as justly due the said Patsey Hill, it is therefore ordered, adjudged and decreed by the court, that the said Patsey Hill is entitled to have and receive the sum of fifteen dollars per year from the 13th day of, January, 1844, in lieu of dower in the said parcel of ground above mentioned, to be paid during her lifetime, on each 13th day of January hereafter, into the clerk's office of this court for her use, and that if said payment shall remain unpaid as aforesaid for the space of thirty days, that then the clerk shall issue a writ, in the nature of a writ of *levari facias,* to levy said payment, interest and costs, from the rents and profits of said premises, and that the said annual payment shall remain a lien on the said premises."

And appellant then averred, in her complaint in this

action, that the property first described in said complaint
was the identical property referred to and intended by
the description in said decree, and was the only property
ever possessed, occupied or claimed by said Samuel Hill,
or said Samuel Judah, the defendant in said suit; that
after the rendition of said judgment and decree, appellant
intermarried with one Jeremiah L. Colman, now deceased,
and she was then his widow; that after the rendition of
said judgment and decree said Samuel Judah remained
in possession, as owner, of said real estate, until August
24th, 1854, when he sold and conveyed said property,
upon which said judgment was a lien in lieu of dower,
by warranty deed to one Isaac N. Eastham; that, in said
deed, said Judah saved and excepted appellant's said lien
on said real estate from the warranty in said deed, by
inserting therein the following clause, " saving and ex-
cepting from such warranty the claim of Mrs. Colman for
dower, fifteen dollars per year from March last;" that
under said deed said Eastham took possession of said real
estate, with knowledge of appellant's said lien and that
the payment thereof devolved on him; that said Eastham
caused said deed, with said exception therein, in which
deed said real estate was correctly described as it was first
described in the complaint in this action, to be recorded
in the records of deeds, in the recorder's office of said
Knox county; that after the rendition of said judgment
and decree, said Judah, while he remained in possession
of said real estate, and until January 13th, 1854, paid
appellant said fifteen dollars per year, and said Eastham,
after he took possession thereof under his said deed from
said Judah, paid appellant said fifteen dollars under the
lien in said decree, from January 13th, 1854, to January
13th, 1866, when and since which time said sum of fifteen
dollars has not been paid, but, with interest, remained
due and unpaid. And appellant further said, that said
Eastham was dead, but that in his lifetime he had sold
and conveyed said real estate; that said real estate was

Colman *v.* Watson *et al.*

then in possession of appellees, who claim to own the same in fee simple; that appellees had obtained possession and acquired title to the respective portions of said real estate, occupied and claimed by them, by, through or under the Eastham title; and that they acquired, possess and hold said real estate, with full knowledge of appellant's said judgment lien, as set out in said complaint, on the respective portions thereof so acquired by them; and that there was due appellant, on account of her said judgment lien, all the annual payments from and after, and including, the annual payment which became due on the 13th day of January, 1868, and interest on each of said payments from the time it became due under said judgment and decree.

The prayer of said complaint was, in substance, that the description of the property, referred to in said judgment and decree, upon which a lien in appellant's favor for the annual payment of fifteen dollars was decreed, might be determined and declared by the court to be the same as was first mentioned and set out in said complaint; that the payment of the amount due appellant, on account of her said lien, might be enforced by an order of the court for the sale of the real estate upon which said lien exists, for the purpose of paying the amount due or to become due to appellant on that account, and for all other proper relief.

If the facts stated in appellant's complaint are true, and as they are well pleaded appellees' demurrers admit them to be true, then the equities of this cause, in our opinion, are all in favor of the appellant. Prior to the year 1844, appellant was the lawful wife of one Samuel Hill, and during the existence of their marriage, he was the owner in fee simple of a certain parcel of real estate, in the now city of Vincennes, Knox county, Indiana, particularly described by a full and correct description in appellant's complaint in this action. Prior to said year 1844, on a judgment against said Samuel Hill, the said

real estate had been sold and conveyed by the sheriff to one Samuel Judah, and under said sheriff's sale and deed said Judah had taken possession of said real estate, claiming it as his own.   And prior to the year 1844, said Samuel Hill had died, leaving the appellant as his widow; and appellant, as such widow, had commenced a suit in the court below against said Judah, then in possession of and claiming title to said real estate, to have her dower interest in said realty set off and assigned to her.   In said suit, in the court below, such proceedings were had as resulted in the entry by said court, on the 3d day of April, 1844, by the agreement of the parties, of a certain judgment or decree, in and by which it was ordered, adjudged and decreed by the court below, that the appellant, by her then name of Patsey Hill, was entitled to have and receive the sum of fifteen dollars per year, in lieu of dower in the parcel of ground mentioned in said judgment or decree, to be paid during her lifetime, on each 13th day of January thereafter, into the clerk's office of said court, for her use; and if default should be made for thirty days in making any annual payment, after it became due, it was provided that the clerk should issue a writ to levy such payment, with interest and costs, of the rents and profits of said premises; and it was finally provided that said annual payments should remain a lien on said premises.

In the entry of said judgment or decree, the property mentioned is loosely described as " certain property now in possession of said Judah, lying in the borough of Vincennes, on the corner of Second and Busseron streets, formerly owned by the said Samuel Hill." This description was certainly vague and indefinite; but there was enough certainty about the description to enable the parties or the court, if called on, to render it definite, perfect and certain.   Besides being on the corner of Second and Busseron streets, in the borough of Vincennes, two other facts are mentioned which would aid in giving certainty

to the description of the property intended; and those facts are, that the property so situated was then in the possession of said Judah, and that it was formerly owned by the said Samuel Hill. The appellant averred in her complaint in this action, that the property first described in said complaint by a full and correct description was the identical property referred to and intended in the description used in said judgment or decree, and was the only property ever possessed, occupied or claimed by said Samuel Hill.

After the rendition of said judgment or decree, said Samuel Judah continued in possession as owner of said real estate for more than ten years, or until August 24th, 1854, when he sold and conveyed said property, by the full and correct description thereof, first given in appellant's complaint, by his warranty deed, to one Isaac N. Eastham. In said deed, said Judah saved and excepted appellant's said judgment lien on said property from the warranty in the deed, by inserting therein this saving clause, "saving and excepting from such warranty the claim of Mrs. Colman, fifteen dollars per year from March last."

The judgment or decree of the 3d day of April, 1844, contained a contract of record, between the appellant, by her then name of Patsey Hill, and said Samuel Judah, by which contract said Judah agreed to pay, and appellant agreed to receive, for her dower right in certain premises, and in lieu thereof, an annual payment of fifteen dollars, on a day certain, in each year, during her lifetime. The contract was made in settlement of a pending suit, and was one the parties were competent to make, and was sanctioned and confirmed by the judgment and decree of the court below. Judah contracted that these annual payments should be secured to appellant by a lien on said premises, and this too was sanctioned and confirmed by the decree of the court below. But, in the drafting or entry of said judgment or decree, the description of the

property in which appellant had her dower right, and upon which she was given a lien to secure the annual payment agreed upon in lieu of her dower, was not fully and correctly given. When, however, Judah conveyed said property to Isaac N. Eastham, he described the property fully and correctly in his deed, and therein and thereby located the claim of appellant, by her present name, for fifteen dollars per year, under said judgment and decree, upon the property first described in the complaint in his action. This deed was duly recorded in the recorder's office of Knox county, Indiana, and under it, and through parties claiming title under it, the appellees derive their title to the property in question.

Under such circumstances, the appellees are bound to take notice of the recital and exception in Judah's deed to Eastham; and, besides, it is averred by appellant that the appellees acquired their title to the property with full knowledge of her said judgment lien thereon as set out in her complaint.

In our opinion, the court below erred in sustaining the demurrers to the complaint, and for this error the judgment is reversed.

Judgment reversed, at the costs of the appellees, and cause remanded, with instructions to the court below to overrule the demurrers to the complaint, and for other proceedings.