## ROE v. CRONKHITE ET AL., ADM'RS.

NEW TRIAL.—*Cause.*— *Verdict.*—Where the jury trying a cause, in the face of uncontradicted evidence, returns a verdict contrary thereto, such verdict should be set aside, and a new trial granted.

From the Warren Circuit Court.

*M. Milford*, for appellant.

HOWK, J.—The appellees, as plaintiffs, sued the appellant, as defendant, in the court below. Appellees' complaint was in two paragraphs. The first paragraph counted upon a promissory note, executed by appellant to appellees' intestate, and alleged to remain unpaid. The second paragraph of the complaint alleged an indebtedness by the appellant to the estate of appellees' decedent, for goods purchased by appellant from said decedent, in his lifetime, a bill of particulars of which was filed with and made part of said paragraph, and that said indebtedness was due and unpaid.

To this complaint, the appellant answered in two paragraphs:

1st.   A general denial;

2d.   The appellant averred, that appellees' intestate was, in his lifetime, and his estate then was, indebted to appellant in the sum of, to wit, three thousand dollars, for money and goods furnished to said decedent, in his lifetime, by the appellant, at said decedent's request, the items of which were set out in said paragraph, and that all of said sums remained unpaid; and the appellant offered to set off against the amount due the appellees, if any thing, an amount equal thereto, and demanded judgment for the residue.

To the second paragraph of appellant's answer, the appellees replied by a general denial.

The action being at issue was tried by a jury, in the court below, and a verdict was returned for the appellees, in the sum of two hundred and seventy dollars.   The appellant, upon written causes filed, moved the court below for a new trial, which motion was overruled by the court, and to this decision the appellant excepted.   And the judgment was then rendered on the verdict, from which this appeal is now prosecuted.

In this court, the only alleged error assigned by the appellant is the decision of the court below, in overruling his motion for a new trial.

The causes assigned by appellant, in his motion for a new trial, were as follows:

1st.   The verdict of the jury was contrary to law;

2d.   The verdict of the jury was not sustained by sufficient evidence; and,

3d.   The verdict of the jury was contrary to the law and the evidence.

We can readily understand how a jury, trying a cause, may often be induced to return a verdict that is palpably wrong; but why, in such a case, the court in which the cause is tried should overrule a motion for a new trial, it

is sometimes difficult, as it is in this case, for us to comprehend. The verdict in this case may possibly have been right, but certainly the evidence in the record wholly fails to sustain it. There was no conflict in the evidence, as neither party, apparently, attempted to contradict any evidence introduced by the other party. The appellees gave in evidence the note sued on in the first paragraph, and proved a very small portion of the account sued on in the second paragraph of their complaint, and rested. On the other hand, the appellant proved almost all of his set-off, and rested. And this was all the evidence in the record. Under this evidence, the appellant was clearly entitled to a verdict of about one thousand dollars, in his favor, instead of the verdict rendered against him.

The appellees have filed no brief in this court, in support of the verdict they obtained in the court below, or in support of the decision of that court, overruling appellant's motion for a new trial. We are unable to conjecture any grounds, upon which the decision of the court below can or ought to be sustained.

In our opinion, the court below erred in overruling appellant's motion for a new trial, in this action, and for this error the judgment of that court must be reversed.

Judgment reversed at appellees' costs, and cause remanded, with instructions to grant a new trial, and for further proceedings.