,DAVIS ET AL. *v.* GRATER.

JUSTICE OF PEACE.—*Evidence.— Want or Failure of Consideration.—Coverture.—* In an action originating before a justice of the peace, on a promissory note, evidence of a want or failure of consideration, or of the coverture of the defendant, may be given without plea.

SUPREME COURT.—*Verdict.—Evidence.—*A verdict unsustained by sufficient evidence can not stand in the Supreme Court, on a proper appeal.

From the Boone Circuit Court.

*O. S. Hamilton* and *F. M. Charlton,* for appellants.

HOWK, C. J.—In this action, the appellee, as the payee, sued the appellants, as the makers, of a promissory note, before a justice of the peace of Boone county, to recover the amount of said note.

Before the justice, the appellant Sarah Davis filed a separate answer, setting up as a defence to the action, that, before and at the time of the execution of the note in suit, she was and ever since had been a married woman, the wife of her co-appellant, James L. Davis.

The appellant James L. Davis also filed an answer before the justice.

The trial of the cause, before the justice, resulted in a finding and judgment for the appellants, from which the cause was appealed to the court below.

In this latter court, the appellant James L. Davis filed additional paragraphs of answer. His defences to the action were an utter want of consideration, and a total failure of the supposed consideration of the note in suit.

The suit having been commenced before a justice, all the matters of defence, specially pleaded by the appellants, might have been given in evidence " without plea; " and, therefore, we need not state more fully the answers of the appellants, in this opinion.

The cause was tried by the court, without a jury, and a finding was made, and judgment rendered, for the appellee

and against both appellants, for the full amount of the note in suit. The appellants' motion for a new trial was overruled, and to this decision they excepted, and appealed to this court.

Among the alleged errors of the circuit court, assigned by the appellants in this court, is the overruling of their motion for a new trial, and this we will briefly consider.

The evidence on the trial is properly in the record, and it has been carefully read and considered. We need not set out the evidence in this opinion, as no good purpose would be subserved thereby; but it is our opinion, that the finding of the court in this case was not sustained by any sufficient evidence. We cannot avoid the conclusion, that the right and justice of this cause demand a new trial, and that the court erred in overruling the appellants' motion therefor.

The judgment is reversed, at the appellee's costs, and the cause remanded for a new trial.