Riley *et al. v.* Boyer *et al.*

---

No. 8603.

RILEY ET AL. *v.* BOYER. ET AL.

NEW TRIAL.—*Cause.— Verdict.—Finding of Court.*—Where the jury trying a cause, in the face of uncontradicted evidence, return a verdict contrary thereto, such verdict will be set aside, and a new trial granted. The rule is the same as to the finding of the court.

From the Hancock Circuit Court.

*T. C. Johnson* and *W. R. Hough*, for appellants.
*J. W. Jones* and *I. P. Poulson*, for appellees.

Riley *et al. v.* Boyer *et al.*

BICKNELL, C. C.—This was a suit by appellants against the appellee Charles G. Boyer, to recover attorney's fees. The complaint was in the common form. The answer was the general denial. The issues were tried by the court; there was a finding for the plaintiffs for forty dollars. They moved for a new trial, for the reason that the finding was contrary to the evidence, being less in amount than the lowest value of the services as sworn to by any witness. There was a judgment upon the finding, and the plaintiffs appealed. The error assigned is, overruling the motion for a new trial. The evidence is in a bill of exceptions. Due proof was made of the rendition of the services. Six witnesses, including one of the plaintiffs, swore that such services were worth a sum nearly double the amount found by the court. Their testimony was not contradicted. No witness for the appellees gave any testimony as to the value of the services; no question upon that subject was put to any of them. The appellee swore he had never employed the attorney, Denton, but he stated, on cross-examination, that he was present at the two trials of the case, and saw Denton taking part in the trial, and made suggestions to him on the trial.

In *Roe* v. *Cronkhite*, 55 Ind. 183, this court held that, where the jury trying a cause, in the face of uncontradicted evidence returns a verdict contrary thereto, such verdict should be set aside and a new trial granted. See, also, *Bevan* v. *Tomlinson*, 25 Ind. 253; *Jamieson* v. *Miller*, 54 Ind. 332; *Davis* v. *Grater*, 62 Ind. 408; *Butterfield* v. *Trittipo*, 67 Ind. 338, 342. The rule is the same as to the finding of a court.

In this case the finding was contrary to the evidence. The court erred in overruling the motion for a new trial. The judgment below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby reversed, at the costs of the appellees.