No. 8916.

KITCH v. SCHOENELL ET AL.

PRACTICE.—*Failure of Evidence.*—*Supreme Court.*—As a rule, the Supreme Court will not disturb the verdict of a jury or the finding of a trial court, upon the mere weight of the evidence; but where there is no evidence in the record tending to sustain the verdict or finding, upon the real question in issue, the judgment below must be reversed and the cause remanded for a new trial.

From the Huntington Circuit Court.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellant.

Howk, J.—In this case, the appellant, as the payee, sued the appellees, as the makers, of a promissory note, for the sum of $55, dated May 15th, 1878, and payable two months after date. In his complaint, the appellant alleged that the note in suit was due, owing and wholly unpaid.

The appellees answered in a single affirmative paragraph, wherein they alleged in substance, after having admitted their execution of the note in suit, that the consideration of the note was the sale by appellant to appellee Schoenell of a certain horse; that at and before the time of the sale and delivery of such horse, the appellant, knowing that appellee Schoenell desired to purchase a horse for a cart horse, offered said horse to him for sale, and then and there warranted the horse to be sound, and well adapted for all kinds of work, in every way suitable for general purposes, and fit for the purpose for which he was about to be sold and purchased; that, relying upon said warranty, the appellee Schoenell purchased the horse and executed the note in suit therefor; that after said purchase, the said Schoenell, in a proper and skilful manner, tried to use the horse in teaming, working him both single and double, and the temper and habits of the horse were so bad and uncontrollable, that he was of no use or value to said Schoenell; and that, after a fair and full trial of the horse, he proved to be wholly unfit for teaming, by reason of his temper and habits; and that thereupon the appellee Schoenell returned the horse to the appellant, without default or damage, since which time the said Schoenell had no interest in nor possession of said horse.

To the appellees' answer, the appellant replied by a general denial. The issues joined were tried by a jury, and a general verdict was returned for the appellees. With their general verdict, the jury also returned their special finding upon a particular question of fact, submitted to them by the appellant under the direction of the court, as follows:

"Does the testimony show that Josiah Kitch refused to warrant that the mare would work in the cart?

"Answer. Yes."

The court rendered judgment, on the general verdict, against the appellant for the appellees' costs. The appellant's motion for a new trial having been overruled, and his exceptions saved to this decision, he has appealed to this court from the judgment below, and has here assigned, as error, the overruling of his motion for a new trial.

It seems to us, that the general verdict of the jury was not sustained by the evidence, as it appears in the record, and that for this cause, a new trial ought to have been granted. As a rule, this court will not disturb the verdict of a jury, or the finding and judgment of the trial court, upon the mere weight or preponderance of evidence; but where, as in this case, there is no evidence in the record tending to sustain the verdict upon the real question in issue, it is as much the duty of this court to reverse the judgment below and remand the cause for a new trial, as it would be for any error of law occurring at the trial and excepted to. *Roe* v. *Cronkhite*, 55 Ind. 183; *Davis* v. *Grater*, 62 Ind. 408; *Butterfield* v. *Trittipo*, 67 Ind. 338; *Riley* v. *Boyer*, 76 Ind. 152.

The warranty relied upon by the appellees, as a defence to appellant's suit, was an alleged special warranty to the effect that the horse, for which the note sued upon was given, would work well in a cart in hauling limestone from the quarry to the limekiln of the appellee Schoenell. This is shown by the general current of the evidence, and by the instruction of the court to the jury trying the cause. The court instructed the jury, in substance, that if they should find from the evidence that the appellant warranted the mare sold "to be a good mare to work in the cart, at the limekiln, and that Schoenell bought her for that purpose and so informed" the appellant, and if they should further find that the mare " would not work in the cart, at the limekiln," and was " worthless for that purpose," then they should find for the appellees.

The law of this instruction might well be doubted, but we refer to it in this connection simply for the purpose of showing that the warranty, upon which the appellees relied on the trial of the cause, was that the mare would work in the cart, at the limekiln. There is no evidence, in the record before us, tending to prove that the appellant had warranted the mare to work in a cart, or at the limekiln. On the contrary, the evidence clearly shows that the appellant positively refused to warrant the mare to work in the cart; and so the jury specially found in their answer to the interrogatory propounded by the appellant, under the direction of the court. This is not a case of conflicting evidence, but the record shows, we think, a total failure of evidence to sustain the appellees' defence. For this reason, the court clearly erred, as it seems to us, in overruling the appellant's motion for a new trial.

In conclusion, we note the fact that the appellees have wholly failed to furnish this court with any brief or argument in support of the rulings and judgment of the trial court. They are in no condition, therefore, to complain of our decision in reversing the judgment below and remanding the cause for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings.