Filed Oct. 12, 1886.

No. 12,639.

Parkhurst et al. *v.* The Watertown Steam Engine
Company et al.

Mortgage.—*Promissory Notes.—Assignment of Part of Series.—Priority of Lien.*—The assignment of one or more of a series of notes executed by the same person, and secured by mortgage, operates as an assignment, *pro tanto,* of the mortgage. The notes so assigned stand as so many successive mortgages, and the holders have priority of lien in the order in which their respective demands become due.

Same.—*Retention of Part of Series of Notes by Mortgagee.—Rights of Assignees Holding Other Notes.*—The assignees of a part of a series of notes secured by mortgage are entitled to payment out of the mortgage fund, in preference to the notes retained by the mortgagee, although the latter mature first; but this rule does not affect the rights of the assignees as between themselves, and where they take their assignments at the same time, their notes will have preference according to the date of their maturity.

From the Johnson Circuit Court.

Parkhurst *et al. v.* The Watertown Steam Engine Company *et al.*

*R. M. Miller* and *H. C. Barnett,* for appellants.

*G. M. Overstreet, A. B. Hunter, C. F. Rooker* and *A. W. Hatch,* for appellees.

ZOLLARS, J.—The facts involved in the controversy between the parties were found specially by the court below, and, so far as material for the purposes of this decision, are as follows :

On the 10th day of August, 1882, Stephen W. Pangburn, executed and delivered to one of the appellees, the Northwestern Manufacturing and Car Company, three promissory notes payable at a bank, and to become due, respectively, on the 1st day of November, 1882, the 1st day of November, 1883, and the 1st day of November, 1884. On the 27th day of November, 1882, and before any of the notes had been assigned, Pangburn executed and delivered to the Northwestern Manufacturing and Car Company a chattel mortgage to secure the payment of the notes. That company retained the note first to become due, and before their maturity, by written endorsements in blank, assigned the other notes, the one to become due on the 1st day of November, 1883, to appellee, the Watertown Steam Engine Company, and that to become due on the 1st day of November, 1884, to appellants. On the 15th day of November, 1883, Pangburn, to further secure the two notes first falling due, and in consideration of an extension of the time of their payment, executed a second chattel mortgage to the Northwestern Manufacturing and Car Company. All of the property so mortgaged was not sufficient in value to pay the three notes, nor any two of them. Pangburn is insolvent, and the Northwestern Manufacturing and Car Company is a nonresident corporation.

Upon its conclusions of law, based upon the facts so found, the court below decreed that the mortgages should be foreclosed, the property be sold, and the proceeds applied, first, to the payment of the note second to become due, and held

by the Watertown Steam Engine Company, and the residue, if any, to the payment of the note last to become due, and held by appellants, etc.

The only fault found by appellants with the conclusions of law and the decree is, that they were not allowed to share *pro rata* in the proceeds to be derived from the sale of the mortgaged property, with the Watertown Steam Engine Company, the holder of the note first falling due, after that retained by the payee and mortgagee.

It is settled in this State, that the assignment of one or more notes, made to the same person and secured by a mortgage, operates as an assignment, *pro tanto*, of the mortgage, and that the holders of the several notes have priority of lien in the order in which their respective demands become due. The notes so assigned stand as so many successive mortgages. *People's Savings Bank* v. *Finney*, 63 Ind. 460, and cases there cited; *Shaw* v. *Newsom*, 78 Ind. 335; *Doss* v. *Ditmars*, 70 Ind. 451. See, also, *Richardson* v. *McKim*, 20 Kan. 346; 2 Jones Mort., sections 1699, 1701; *Mechanics' Bank* v. *Bank of Niagara*, 9 Wend. 410; *Bryant* v. *Damon*, 6 Gray, 564; *Wright* v. *Parker*, 2 Aik. (Vt.) 212; *Salzman* v. *His Creditors*, 2 Rob. (La.) 241; *Winters* v. *Franklin Bank*, 33 Ohio St. 250.

The above authorities hold also, that an endorsee of a part of such notes so secured by mortgage, is entitled in equity to payment out of the mortgaged funds, in preference to the notes retained by the mortgagee and assignor, although the notes so assigned may fall due subsequently to those retained by the mortgagee.

These propositions are not disputed by appellants, but they contend that, by reason of the endorsements, they are entitled to share *pro rata* with the Watertown Steam Engine Company in the proceeds of the mortgaged property. It does not appear by the special findings of facts whether or not the different notes were assigned at the same time, or at

different times; and hence we are not called upon to decide what the equities as between the assignees might be, if the notes had been assigned at different times. Presuming in favor of the correctness of the rulings of the court below until error is affirmatively shown by the record, we assume that the notes were assigned at the same time.

Appellants' theory is, that because of the equitable rule which postpones the payment of the notes retained by the payee and assignor out of the mortgage fund, to the payment of the notes assigned, the court takes into its custody the amount due upon the note so retained, for distribution among the other note holders. This theory, we think, is incorrect. The equitable rule rests upon the theory that as between the assignor and assignee, by the assignment of the notes, the assignor assigns the mortgage not *pro rata,* but *pro tanto;* that is, he does not assign a proportionate share of the mortgage security, but assigns so much of the security as shall be adequate for the payment of the note or notes which he assigns.

The assignor thus surrenders any preference he may have by reason of the note or notes retained by him first becoming due. In other words, the payment of his first mortgage is postponed to the payment of the subsequent mortgages of the assignees. Equity says to the mortgagee and assignor, in such a case, that having assigned the notes subsequently becoming due, he shall not enforce his prior lien as against his assignees holding the subsequent liens. But that postponement does not change the priority of the liens held by the assignees, nor in any way change the relation of those liens to each other. In such a case, the subsequent liens will be adjusted as though there had been no prior lien in favor of the mortgagee; that is, the notes held by the assignees will have preference according to the date of their maturity. *State Bank* v. *Tweedy,* 8 Blackf. 447 (46 Am. Dec. 486); *Hough* v. *Osborne,* 7 Ind. 140; *Davis* v. *Langsdale,* 41 Ind. 399;

*Doss* v. *Ditmars, supra;  Bank of United States* v. *Covert,* 13 Ohio, 240.

As the court below ruled in accordance with this opinion, the judgment must be affirmed.

Judgment affirmed, with costs.

Filed Oct. 14, 1886.