**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**KENNETH D. HUNTER**
Franklin, Indiana

ATTORNEY FOR APPELLEE:

**BRYAN K. REDMOND**
Feiwell & Hannoy, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KENNETH D. HUNTER,                    )
                                      )
    Appellant-Petitioner,         )
                                      )
        vs.               )    No. 41A01-1208-MF-352
                                      )
E*TRADE BANK,                         )
                                      )
    Appellee-Respondent.          )

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable David N. Riggins, Special Judge
Cause No. 41D03-1008-MF-399

**November 27, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Kenneth Hunter appeals the trial court's entry of summary judgment in favor of E*Trade Bank ("E*Trade"). We affirm.

**Issues**

Hunter raises three issues, which we restate as:

I.  whether the trial court properly denied his motion to dismiss;

II.  whether the trial court properly denied his motion to recuse; and

III.  whether the trial court properly entered summary judgment in favor of E*Trade.

**Facts**

On March 17, 2006, Hunter executed a promissory note to Home Loan Center, Inc., d/b/a Lending Tree Loans ("Lending Tree") in the amount of $85,000. To secure repayment of that note, Hunter executed a mortgage pursuant to which Mortgage Electronic Registration Systems, Inc., as nominee for Lending Tree was granted a security interest in a parcel of property in Franklin. This mortgage was recorded on June 12, 2006.

On August 30, 2010, E*Trade Financial filed a complaint to enforce the promissory note executed by Hunter and to foreclose on the mortgage. The complaint alleged that Hunter had defaulted by failing to pay the monthly mortgage payment after January 25, 2010.

On September 20, 2010, Hunter filed a pro se motion to dismiss asserting that E*Trade Financial failed to prove standing. Among other things, Hunter claimed that E*Trade Financial had not proved it was in possession of the promissory note and mortgage and, as such, was not entitled to enforce the instruments. On October 22, 2010, the trial court, by Douglas B. Cummins, acting as a temporary judge, denied Hunter's motion to dismiss.[1]

On December 12, 2011, Hunter filed a motion to dismiss for failure to prosecute pursuant to Indiana Trial Rule 41(E). On February 16, 2012, E*Trade Financial moved to substitute E*Trade as the plaintiff, responded to Hunter's motion to dismiss, and moved for summary judgment. On February 28, 2012, Hunter replied, again challenging E*Trade's ability to enforce the promissory note and to foreclose on the mortgage. Hunter also filed a motion to set aside the order denying his 2010 motion to dismiss in which he asserted that Judge Cummins had not been sworn in at the time the order was signed. Judge Lance D. Hamner of Johnson Superior Court 3 denied this motion on the same day.

On March 28, 2012, Hunter filed a motion to reconsider the denial of the motion to set aside. That same day, Hunter also filed a motion for the recusal of Judge Hamner and for the appointment of a special judge. On April 23, 2012, Judge Hamner recused and ordered that a special judge be selected pursuant to the local rules. Judge David N. Riggins of Shelby Superior Court 2 was appointed as special judge. On July 6, 2012,

---

[1] This order was not referenced in the chronological case summary until a November 30, 2011 nunc pro tunc entry.

Hunter filed a motion to order the appointment of Judge Riggins invalid and for the referral of the case to our supreme court.

At a July 19, 2012 hearing on all pending motions, Hunter challenged Judge Riggins's appointment and, upon the trial court's denial of Hunter's motion, Hunter refused to further participate in the hearing. E*Trade made arguments regarding its motion for summary judgment and presented the trial court with the original note and mortgage, at which point Hunter left the hearing. Following the hearing, the trial court granted E*Trade's motion for summary judgment, entered judgment in favor of E*Trade, and issued a decree of foreclosure. Hunter now appeals.

## Analysis

### I. Motion to Dismiss[2]

Hunter argues that Judge Cummins was not authorized to deny his 2010 motion to dismiss because he did not take the oath of temporary judge until the day after the order was issued. In ruling on Hunter's motion to set aside that order, the trial court found that Judge Cummins took the oath of office on October 21, 2010, before denying Hunter's motion to dismiss, and that the notation dated October 23, 2010, on the order appointing Judge Cummins temporary judge was made by the clerk upon her receipt of the order. Thus, Judge Cummins was authorized to rule on the motion to dismiss.

---

[2] E*Trade argues that we should not review this issue because Hunter did not include the denial of his 2010 motion to dismiss or the denial of his motion to set aside as orders being appealed in his notice of appeal. However, because this issue relates to the recusal issue, we address it on the merits.

4

Even if Judge Cummins's oath of office was not timely, Hunter has not shown that his substantial rights were prejudiced by the denial of the motion to dismiss. Indiana Trial Rule 61 provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Hunter argues that all subsequent hearings and proceedings were so overshadowed by Judge Cummins's order that he was denied due process. We do not agree that both Judge Hamner and Judge Riggins "exhibited clear bias and prejudice" against Hunter because of Judge Cummins's purported lack of authority. Appellant's Br. p. 20. This assertion is simply not supported by the record. Further, Hunter has not established that his motion to dismiss would have been or should have been granted had Judge Cummins's oath of office been timely. As such, even if Judge Cummins was not authorized to rule on the motion to dismiss, we fail to see how the denial of the motion to dismiss prejudiced Hunter's substantial rights.

## II. *Motion to Recuse*

Hunter argues that Judge Riggins should have recused himself because he violated "his oath of office in the same manner which caused Johnson County Judge Hamner to recuse . . . ." Appellant's Br. p. 22. Apparently challenging the manner in which

5

temporary judges are appointed in Shelby County, Hunter claims, "By the fact that both judges were openly exposed challenged by [Hunter] as improperly engaging in allowing persons to assume judicial duties in violation of the constitutions of both Indiana and the United States of America, both judges should have recognized their potential for bias." Id. at 23.

On appeal, Hunter does not provide us with the appropriate standard of review or direct us to the portions of the Indiana Code of Judicial Conduct that were purportedly violated. He does, however, cite Bloomington Magazine, Inc. v. Kiang, 961 N.E.2d 61, 63 (Ind. Ct. App. 2012), which explains that a ruling upon a motion to recuse rests within the sound discretion of the trial judge and will be reversed only upon a showing of abuse of that discretion. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." Kiang, 961 N.E.2d at 63-64. When reviewing a trial judge's decision not to disqualify himself or herself, we presume that the trial judge is unbiased. Id. at 64. To overcome that presumption, the appellant must demonstrate actual personal bias. Id. The mere appearance of bias and partiality may require recusal if an objective person, knowledgeable of all the circumstances, would have a rational basis for doubting the judge's impartiality. Id. "Upon review of a judge's failure to recuse, we will assume that a judge would have complied with the obligation to recuse had there been any reasonable question concerning impartiality, unless we discern circumstances which support a contrary conclusion." Id.

Quite simply, even if Judge Cummins had not been properly sworn in at the time he denied Hunter's motion to dismiss, Hunter has not established that Judge Riggins was

6

actually biased or that an objective person knowledgeable of all the circumstances would have a rational basis for doubting Judge Riggins's impartiality in ruling on the pending motions. Without more, Hunter has not established that Judge Riggins abused his discretion when he denied Hunter's motion to recuse.

### III. *Motion for Summary Judgment*

Hunter argues that the grant of E*Trade's motion for summary judgment was improper. "Summary judgment is only appropriate when the moving party affirmatively shows that there are no genuine issues of material fact with regard to a particular issue or claim." Holiday Hospitality Franchising, Inc. v. AMCO Ins. Co., 983 N.E.2d 574, 577 (Ind. 2013) (citing Ind. Trial Rule 56(C)). "The non-moving party then bears the burden of coming forward with designated evidence showing the existence of a genuine issue of material fact." Id. We review these cases through the same lens and view all designated evidence and reasonable inferences in a light most favorable to the non-moving party, resolving any doubts against the moving party. Id. "We will affirm a trial court's summary judgment on any theory supported by the record." Id. "When the facts are undisputed, reversal is only appropriate if the trial court incorrectly applied the law to those facts."

Hunter challenges the assignment of the mortgage to E*Trade and argues that E*Trade did not show that it owned the mortgage. Hunter argues that the loan was assigned to Countrywide Home Loans ("Countrywide") in 2006 and could not have been assigned from Lending Tree to E*Trade in 2010. In support of this argument, Hunter relies in part on a March 31, 2006 letter from Countrywide to Hunter indicating the

7

servicing of his loan and the right to collect payments from him had been assigned, sold, or transferred from Lending Tree to Countrywide.[3] Even if this letter is sufficient to create an issue of fact regarding the servicing of the loan in 2006, it does not create a material issue of fact regarding the ownership of the loan at the time of the August 30, 2010 complaint because E*Trade designated evidence indicating that it held the original promissory note and that the mortgage was assigned from Lending Tree to E*Trade Financial on August 6, 2010.[4] At the summary judgment hearing, counsel for E*Trade presented the trial court and Hunter with the original promissory note and mortgage for review, at which point Hunter left the hearing.[5]

Based on various provisions of the Uniform Commercial Code, E*Trade contends that, when the promissory note was endorsed in blank, it was converted into a bearer instrument and, because E*Trade had possession of the bearer instrument, it is a holder of the instrument with standing to enforce it. See Ind. Code §§ 26-1-3.1-205(b); 26-1-3.1-301(1); 26-1-1-201(20)(A); & 26-1-3.1-109(a). Hunter does not provide legal argument disputing this point but contends that the mortgage and note appear to have been split, with E*Trade arguably claiming to hold the note and Countrywide owning the mortgage.

---

[3] Although E*Trade asserts that Hunter did not designate any evidence in response to its motion for summary judgment, for purposes of this appeal, we consider the exhibits attached to Hunter's response as designated evidence.

[4] E*Trade Financial assigned this mortgage to E*Trade on January 26, 2012.

[5] The trial court noted, "given that Mr. Hunter has now left the Courtroom, uh, there's no objection, uh, to me considering these two (2) documents which were already in my file anyway, I believe." Tr. p. 30.

The designated evidence simply does not support Hunter's claim that E*Trade did not own the mortgage when it filed the complaint. Although Hunter's designated evidence shows that Countrywide was involved in the servicing of the loan, Hunter does not direct us to any document indicating that Countrywide recorded an assignment of the mortgage from Lending Tree. As Hunter acknowledged in his response to E*Trade's motion for summary judgment, when a mortgage is assigned, the assignee is statutorily required to record that assignment. See Ind. Code § 32-29-1-8.

Further, E*Trade argues that, even if the mortgage was not properly assigned to E*Trade, because it is entitled to enforce the promissory note, it is entitled to enforce the mortgage. See Egbert v. Egbert, 226 Ind. 346, 351, 80 N.E.2d 104, 106 (1948) ("The assignment of a note secured by mortgage operates pro tanto as an assignment of the mortgage."). Accordingly, E*Trade has established that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. The trial court properly granted summary judgment for E*Trade.

## Conclusion

Hunter has not established that the denial of his motion to dismiss or the denial of his motion to recuse was improper. Also, because there are no genuine issues of material fact and E*Trade established it was entitled to judgment as a matter of law, the trial court properly granted its motion for summary judgment. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.

9