Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**DAVID J. JURKIEWICZ**
**NATHAN T. DANIELSON**
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
SOVEREIGN BANK, FEDERAL
SAVINGS BANK:

**MARY A. SLADE**
**SEAN T. DEVENNEY**
Carmel, Indiana

**JAMIE BUDACK DAMERON**
**JASON PAUL LUEKING**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WACHOVIA BANK N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF GSRPM 2004-1 MORTGAGE PASS-THROUGH CERTIFICATES, | ) ) ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) ) | No.  49A04-1308-MF-397 |
| YEVONNE CORPENING A/K/A YEVONNE R. CORPENING; SOVEREIGN BANK, FEDERAL SAVINGS BANK; and ERA REALTY CENTRE RANDY KEYS, | ) ) ) ) ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
Cause No. 49D05-0810-MF-047153

**May 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issue

Wachovia Bank, N.A., as Trustee for the Registered Holders of GSRPM 2004-1 Mortgage Pass-Through Certificates ("Wachovia") appeals the trial court's grant of partial summary judgment in favor of Sovereign Bank ("Sovereign"). Wachovia raises one issue for our review: whether the trial court erred when it determined Wachovia is not an equitable assignee of a mortgage despite the fact Wachovia held a note corresponding to the mortgage. Concluding Wachovia has a valid assignment of the mortgage, we reverse.

Facts and Procedural History

In 1998, Yevonne Corpening executed and delivered a mortgage to First Franklin Financial Corporation ("First Franklin").[1] The mortgage was properly recorded. In 1999, Corpening refinanced the First Franklin mortgage by executing a Note in favor of Wholesale Mortgage, Inc. ("Wholesale").[2] The Wholesale Note was endorsed in blank and is held by Wachovia. The accompanying mortgage was not recorded until 2012. In April 2001,

---

[1] At some point, First Franklin's interests transferred to Nationscredit.

[2] The record indicates that a mortgage broker helping Corpening refinance might have committed some type of fraud in signing one of the mortgages/loan applications without her knowledge or consent. Transcript at 11-12. Issues relating to the validity of the mortgages and notes are outside the scope of this appeal.

2

Sovereign also provided funds to refinance the First Franklin mortgage; it was provided a Note and recorded a mortgage on the property the following month.

Corpening defaulted on her mortgage in 2006, and Wachovia initiated a foreclosure action in 2008. Wachovia added Sovereign as a co-defendant based on its recorded mortgage. Sovereign cross-claimed against Corpening for breach of Note, foreclosure, and estoppel and unjust enrichment; it cross-claimed against Wachovia for equitable subrogation based on the fact the Wholesale Mortgage was never recorded. On October 1, 2012, both Wachovia and Sovereign filed summary judgment motions. Before the hearing on the motions, the parties agreed a threshold issue was whether Wachovia had a proper assignment of the Wholesale Mortgage.[3] In its May 24, 2013, order, the trial court determined Wachovia had not established it had a proper assignment, and Wachovia was not a true assignee. Wachovia asked the court to clarify or reconsider its order determining it was not an assignee. After a hearing, the trial court issued an order stating Wachovia has no equitable assignment of the mortgage between Corpening and Wholesale and expressly directed entry of judgment on this issue. Wachovia now appeals.

---

[3] Sovereign argues on appeal Wachovia is no longer entitled to enforce this note. On April 22, 2013, Wachovia noted in its supplemental brief in support of its motion for summary judgment that, due to the passage of time, U.S. Bank had taken over responsibilities from Wachovia as trustee for the trust. The trust still holds the Note at issue. Sovereign filed a response to this brief, but did not raise the issue that Wachovia no longer was entitled to enforce the Note because it was no longer the trustee. Since Sovereign did not raise this issue at the trial court below, it is forfeited on appeal. McGill v. Ling, 801 N.E.2d 678, 687 (Ind. Ct. App. 2004) ("Generally, a party may not raise an issue on appeal that was not raised to the trial court, even in

## Discussion and Decision

### I. Standard of Review

A party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). On appeal, the standard of review of a grant or denial of a motion for summary judgment is the same as that used by the trial court. F.B.I. Farms, Inc. v. Moore, 798 N.E.2d 440, 444 (Ind. 2003). We will affirm the trial court upon any theory supported by record evidence, and we will reverse only if the trial court incorrectly applied the law to the facts. City of Indianapolis v. Buschman, 988 N.E.2d 791, 793 (Ind. 2013).

### II. Wachovia as an Equitable Assignee

A promissory note, despite being secured by a real estate mortgage, may qualify as a negotiable instrument. Smith v. Union State Bank, 452 N.E.2d 1059, 1062 (Ind. Ct. App. 1983) (citing Ind. Code §§ 26-1-3-101 through -805 (repealed and recodified as Ind. Code §§ 26-1-3.1-101 through -605)). For a note to be a negotiable instrument, it must be an unconditional promise to pay a fixed amount of money, with or without interest, and: 1) be payable to bearer or to order at the time it is issued or first comes into possession of a holder; 2) be payable on demand or at a definite time; and 3) not contain any other instruction to do an act other than repay the money. Ind. Code § 26-1-3.1-104(a). The Wholesale Note states: "I promise to pay U.S. $127,000 . . . plus interest, to the order of the lender. The lender is Wholesale Mortgage, Inc. . . . I will make these payments every month. . . . If, on September 1, 2014, I still owe amounts under this Note, I will pay those amounts in full on that date."

---

summary judgment proceedings."), trans. denied.

4

Appendix to Brief of Appellant at 54. Thus, this Note qualifies as a negotiable instrument and Indiana's Uniform Commercial Code applies.

The question then becomes whether Wachovia is entitled to enforce the Note against Corpening. The Wholesale Note, which Wachovia holds, provides:

> I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.' . . . In addition to protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses.

App. at 54. On the second of two pages of the Wholesale Note, a portion that reads: "Pay to the order of [blank] without recourse This [sic] 23[4] day of Dec 1999 [signed] Laura Pinson, Secretary, Wholesale Mortgage Inc." Id. at 55. It is clear Corpening and Wholesale agreed the Wholesale Note could be transferred, and the holder would be entitled to protections provided for in the mortgage. A person who holds the instrument is entitled to enforce it. Ind. Code § 26-1-3.1-301(1). Wachovia, as the Note holder, is therefore entitled to the protections provided in the Note and the Mortgage.

The fact that Wachovia was not also assigned the Wholesale Mortgage at the time it received the Note assignment is of no matter. Indiana has long recognized a mortgage follows the note that secures it. Egbert v. Egbert, 226 Ind. 346, 351, 80 N.E.2d 104, 106 (1948) ("The assignment of a note secured by mortgage operates pro tanto as an assignment of the mortgage."); Reeves v. Hayes, 95 Ind. 521, 525 (1884) (citing Carpenter v. Longan, 83 U.S. 271, 274 (1872)). This rule is codified in Indiana Code section 26-1-9.1-203(g): "The

---

[4] The underlined portions of the quoted text were blank spaces in the pre-printed text, then filled in by

attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien." As such, Wachovia has a proper assignment of the Mortgage and may enforce its interests in the Note.[5]

## Conclusion

Concluding Wachovia has a valid assignment of the Wholesale Mortgage, we reverse.

Reversed.

RILEY, J., and BRADFORD, J., concur.

---

hand.

[5] We do not reach the question of whether Sovereign is a bona fide purchaser and whether Sovereign has priority over Wachovia's claim, as Sovereign argues. This is outside the scope of the narrow assignment issue addressed in the court's order and it is not properly before us.